

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JERLEEN DOZIER MACK,<br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:10-01255-HFF-TER |

## ORDER

This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be reversed and that the case be remanded to Defendant for further administrative action. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 14, 2011, and Defendant filed objections to the Report on August 1, 2011.

Defendant first objects to the Magistrate Judge's recommendation that the Administrative Law Judge (ALJ) failed to consider Plaintiff's impairments in combination. According to Defendant, the ALJ's residual functional capacity (RFC) reflects that he considered all of Plaintiff's impairments in combination. Furthermore, Defendant points out that the ALJ recited that he "must consider all of [Plaintiff's] impairments, including impairments that are not severe," R. at 17, and that he had "considered all symptoms," R. at 20. Defendant argues that the Court must presume the ALJ carried out this function. Finally, Defendant asserts that the "ALJ's separate discussion of a claimant's impairments and the other evidence of record is sufficient to show that he adequately considered the claimant's impairments in combination." Def.'s Objs. 3, ECF No. 29.

As noted by the Magistrate Judge, the Fourth Circuit has held that "the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). It mandated that "the ALJ . . . adequately explain his or her evaluation of the combined effects of the impairments." *Id.* This requires "a particularized finding on the effect of the combination of impairments." *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989).

The ALJ's decision lacks any explanation of his evaluation of the combined effect of Plaintiff's impairments. After reading his decision, the Court is unconvinced that the ALJ even considered all of the impairments in his RFC assessment. He certainly did not provide an explanation of their combined effect. Although he discussed the limitations imposed by Plaintiff's lumber degenerative disk disease and nonsevere mental impairments, he did not discuss the limitations, if any, imposed by Plaintiff's carpal tunnel syndrome, diabetes, cholesterol problems,

or hypertension. Thus, even if it was so inclined, the Court could not infer from the ALJ's RFC assessment that he considered all of the impairments in combination. Moreover, contrary to Defendant's assertion, the ALJ's conclusory statements that he must consider all impairments and that he considered all symptoms is insufficient. *Walker* requires an explanation. 889 F.2d at 50. And the fact that the ALJ considered all impairments at step two in no way demonstrates that he considered their combined effect in his RFC assessment. Therefore, the Court agrees with the Magistrate Judge that the ALJ failed to consider Plaintiff's combination of impairments.

Because the Court is remanding the case for failure to consider the combined effect of Plaintiff's impairments, it declines to reach Defendant's second objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision is **REVERSED** and that the case is **REMANDED** to Defendant for further administrative action.

**IT IS SO ORDERED**.

Signed this 26th day of September, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

3